UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY ROGERS,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC ARNOLD, Warden,<br><br>    Respondent. | Case No. CV 17-05572-CJC (KES)<br><br>ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

On July 24, 2017, Randy Rogers ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. 1.) As discussed more fully below, the Court orders Petitioner to show cause why the Petition should not be dismissed as untimely.

## I.

## PROCEDURAL HISTORY

The following facts are taken from the Petition and its exhibits, from the Court's own records, or from public records; where necessary, the Court takes judicial notice of the latter. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court

1

may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.")

A.  **Petitioner's Underlying Conviction.**

In 2011, Petitioner was convicted by a Los Angeles County Superior Court jury of twelve counts of robbery. See People v. Rogers, 2012 WL 3765145, at *1 (Cal. App. 2d Aug. 31, 2012). In a bifurcated proceeding, the superior court found true allegations that Petitioner had suffered four prior strike convictions, served two prior prison terms, and suffered two prior serious felony convictions. Id. Petitioner was sentenced to 160 years to life in state prison. Id.

On August 31, 2012, the Court of Appeal affirmed Petitioner's conviction in an unpublished opinion. (Id.) Petitioner's Petition for Review to the California Supreme Court was denied on November 14, 2012. (Dkt. 1 at 2.)

B.  **Petitioner's State Court Habeas Proceedings.**

The state habeas petitions filed by Petitioner are as follows[1]:

| Filing Date | Court | Case No. | Disposition |
| --- | --- | --- | --- |
| August 23, 2012 | California Court of Appeal | B243430 | Denied, October 12, 2012 |
| October 24, 2012 | California Supreme Court | S206175 | Denied, November 28, 2012 |
| November 2, 2012 | California Court of Appeal | B244904 | Denied, January 4, 2013 |
| January 7, 2013 | California Supreme Court | S208055 | Denied, February 20, 2013 |
| October 29, 2016 | Los Angeles County Superior Court | YA074167 | Denied, December 15, 2016 |

---

[1] The Court compiled this list from a review of the Petition and its attachments, as well as records from the California Court of Appeal website. It may be incomplete with respect to petitions filed in the Los Angeles County Superior Court.

2

| January 17, 2017 | California Court of Appeal | B280118 | Denied, January 20, 2017 |
| February 27, 2017 | California Supreme Court | S240276 | Denied, April 12, 2017 |

Petitioner's 2016 round of state petitions raise the claims brought in the instant Petition.

### C. The Instant Federal Habeas Petition.

Petitioner raises the following three claims:

Ground One: Petitioner's sentence violates Miller v. Alabama, 567 U.S. 460 (2012) because it "was imposed under an unconstitutional mandatory minimum sentencing law." (Dkt. 1 at 5.)

Ground Two: "The Three Strikes Law is an arbitrarily applied sentencing scheme that unconstitutionally limits individualized decision-making." (Id.)

Ground Three: California's Three Strikes Law "is implicitly biased and has been implemented in ways that violate Petitioner's Fourteenth Amendment rights to equal protection of the laws." (Id. at 6.)

## II.
## LEGAL STANDARD

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the Petition and to summarily dismiss a habeas petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

### A. One-Year Statute of Limitations.

This action is subject to the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"). Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal. (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998).[2] AEDPA provides as follows:

> **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[2] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

| | |
|---|---|
| 1 | Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' for purposes of § 2244(d)(1)(a) on the date that the time for seeking such review expires." Gonzalez v. Thaler, 565 U.S. 134, 135 (2012). In contrast, where a state defendant seeks direct review in a state's highest court, the judgment becomes final when time for seeking certiorari review in the U.S. Supreme Court expires. See Jimenez, 555 U.S. at 120. This is because the U.S. Supreme Court has jurisdiction over final decisions of the highest state court "in which a decision could be had" respecting a constitutional right or other federal law. 28 U.S.C. § 1257(a). To appeal to the U.S. Supreme Court, a petition for writ of certiorari must be filed within 90 days after entry of the state court judgment. U.S. Sup. Ct. R. 13. |

### III.
### DISCUSSION

**A.** **The Petition is Untimely on its Face.**

Petitioner states that he was sentenced in April 2011. (Dkt. 1 at 2.) His Petition for Review to the California Supreme Court was denied on November 14, 2012. (Id. at 3.) If the statute of limitations runs from the date when his sentence became final under § 2244(d)(1)(A), then his time for filing a federal habeas petition expired on February 12, 2014, one year and 90 days after final judgment was entered. Accordingly, the Petition is untimely unless Petitioner is entitled to statutory or equitable tolling.

**B.** **Petitioner has not Shown that he is Entitled to Statutory Tolling.**

AEDPA provides for statutory tolling, as follows:

> The time during which a properly filed application for State post-

5

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The United States Supreme Court has interpreted this language to mean that the AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains pending during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.), cert. denied, 529 U.S. 1104 (2000) (The statute is tolled from "the time the first state habeas was filed until the California Supreme Court rejects the petitioner's final collateral challenge."). Statutory tolling "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

Petitioner filed two rounds of state habeas petitions before his AEDPA statute of limitations expired. Even assuming that those petitions were properly filed and therefore qualified for statutory tolling, the latest AEDPA deadline he could receive would expire on February 20, 2014, one year after his second California Supreme Court petition (Case No. S208055) was denied. Petitioner is not entitled to statutory tolling for the pendency of the state petitions filed in 2016 and 2017, because they were not initiated during the AEDPA limitations period.

**C.     Petitioner has not Shown that He is Entitled to Equitable Tolling.**

In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that the AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. See Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.), cert. denied, 130 S. Ct. 244 (2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter, 620 F.3d at 959 (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (as amended); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Petitioner has not described any circumstances in

his Petition that might create equitable tolling.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that, on or before **September 1, 2017,** Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED: August 03, 2017

/s/ Karen E. Scott
_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE