O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY ROGERS,<br><br>          Petitioner,<br><br>    v.<br><br>ERIC ARNOLD, Warden,<br><br>          Respondent. | Case No. CV 17-05572-CJC (KES)<br><br>ORDER SUMMARILY DISMISSING HABEAS PETITION AS UNTIMELY |

      On July 24, 2017, Randy Rogers ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. 1.) On August 3, 2017, the Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed as untimely. (Dkt. 4.) On September 5, 2017, Petitioner filed a response to the OSC. (Dkt. 5.)

      For the reasons discussed below, the Court hereby summarily dismisses the Petition as untimely.

**I.**

**PROCEDURAL HISTORY**

      The following facts are taken from the Petition and its exhibits, Petitioner's response to the OSC, the Court's own records, or other public records; where necessary, the Court takes judicial notice of the latter. See Fed. R. Evid. 201(b)(2)

1

("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.")

### A. Petitioner's Underlying Conviction and Direct Appeal.

In 2011, Petitioner was convicted by a Los Angeles County Superior Court jury of twelve counts of robbery. See People v. Rogers, 2012 WL 3765145, at *1 (Cal. App. 2d Aug. 31, 2012). The crimes were a series of Starbucks robberies involving a toy gun and no injuries. (Dkt. 5 at 2.)

In a bifurcated proceeding, the superior court found true allegations that Petitioner had suffered four prior strike convictions, served two prior prison terms, and suffered two prior serious felony convictions. Id. Under California's Three Strikes law, Petitioner was sentenced to 160 years to life in state prison. Id.

On August 31, 2012, the Court of Appeal affirmed Petitioner's conviction in an unpublished opinion, rejecting Petitioner's jury misconduct, ineffective assistance of counsel, and abuse of discretion claims. Rogers, 2012 WL 3765145, at *1-3. Petitioner's Petition for Review to the California Supreme Court was denied on November 14, 2012. (Dkt. 1 at 2.)

### B. Petitioner's State Court Habeas Proceedings.

The state habeas petitions filed by Petitioner are as follows[1]:

| Filing Date | Court | Case No. | Disposition |
| --- | --- | --- | --- |
| August 23, 2012 | California Court of Appeal | B243430 | Denied, October 12, 2012 |

---

[1] The Court compiled this list from a review of the Petition and its attachments, as well as records from the California Court of Appeal website, and included this list in the OSC. (See Dkt. 4 at 2-3.) In his response to the OSC, Petitioner did not identify any additional state petitions.

2

| | | | |
|---|---|---|---|
| October 24, 2012 | California Supreme Court | S206175 | Denied, November 28, 2012 |
| November 2, 2012 | California Court of Appeal | B244904 | Denied, January 4, 2013 |
| January 7, 2013 | California Supreme Court | S208055 | Denied, February 20, 2013 |
| October 29, 2016 | Los Angeles County Superior Court | YA074167 | Denied, December 15, 2016 |
| January 17, 2017 | California Court of Appeal | B280118 | Denied, January 20, 2017 |
| February 27, 2017 | California Supreme Court | S240276 | Denied, April 12, 2017 |

Petitioner's 2016 and 2017 state petitions raise the claims brought in the instant Petition.

**C.**     **The Instant Federal Habeas Petition.**

Petitioner raises the following three claims in his federal habeas petition:

Ground One:  Petitioner's sentence violates Miller v. Alabama, 567 U.S. 460 (2012), because it "was imposed under an unconstitutional mandatory minimum sentencing law." (Dkt. 1 at 5.)

Ground Two: "The Three Strikes Law is an arbitrarily applied sentencing scheme that unconstitutionally limits individualized decision-making."  (Id.)

Ground Three: California's Three Strikes Law "is implicitly biased and has been implemented in ways that violate Petitioner's Fourteenth Amendment rights to equal protection of the laws." (Id. at 6.)

## II.
## LEGAL STANDARD

The Court has the authority to (1) raise a statute of limitations issue sua sponte

when untimeliness is obvious on the face of a habeas petition and (2) summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the Court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

**A.    One-Year Statute of Limitations.**

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998).[2] AEDPA provides as follows:

> **(d)  (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[2] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

4

1 | diligence.

2 | **(2)** The time during which a properly filed application for State post-
3 | conviction or other collateral review with respect to the pertinent
4 | judgment or claim is pending shall not be counted toward any period of
5 | limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where a state defendant seeks direct review in a state's highest court, the judgment becomes final when time for seeking certiorari review in the U.S. Supreme Court expires. See Jimenez, 555 U.S. at 120. This is because the U.S. Supreme Court has jurisdiction over final decisions of the highest state court "in which a decision could be had" respecting a constitutional right or other federal law. 28 U.S.C. § 1257(a). To appeal to the U.S. Supreme Court, a petition for writ of certiorari must be filed within 90 days after entry of the state court judgment. U.S. Sup. Ct. R. 13.

### III.
### DISCUSSION

**A.     The Petition Is Untimely on Its Face.**

Petitioner states that he was sentenced in April 2011. (Dkt. 1 at 2.) His Petition for Review to the California Supreme Court was denied on November 14, 2012. (Id. at 3.) The statute of limitations runs from the date when his sentence became final under § 2244(d)(1)(A), so his time for filing a federal habeas petition expired on February 12, 2014, one year and 90 days after final judgment was entered.[3]

---

[3] In his response to the OSC, Petitioner argues that he is entitled to "delayed commencement of the limitations period," but he does not assert any basis for delay

1 | Accordingly, the Petition is untimely unless Petitioner is entitled to statutory or equitable tolling or has reliable new evidence of his actual innocence.

The burden of demonstrating that AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with Petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010).

**B.     Petitioner Is Not Claiming Actual Innocence.**

In Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011), the Ninth Circuit held that "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup[4] gateway and have his otherwise time-barred claims heard on the merits." In recognizing this exception, the Ninth Circuit reasoned that at the time of AEDPA's passage, "federal courts had equitable discretion to hear the merits of procedurally-defaulted habeas claims where the failure to do so would result in a fundamental miscarriage of justice, such as the conviction of an actually innocent person." Id. at 933-34 (citations omitted). The en banc court refused to interpret "AEDPA's statutory silence as indicating a congressional intent to close courthouse doors that a strong equitable claim would ordinarily keep open." Id. at 934 (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). The United States Supreme Court recognized this equitable exception in McQuiggin v. Perkins, __ U.S. __, 133 S. Ct. 1924, 1931 (2013) ("This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.")

Petitioner has not presented a claim of actual innocence. Petitioner challenges the length of his sentence, not his conviction for the underlying robberies. (See Dkt.

---

recognized by 28 U.S.C. § 2244(d)(1)(B)-(D). (Dkt. 5 at 1.) The Court therefore interprets this statement as seeking equitable tolling.

[4] Schlup v. Delo, 513 U.S. 298 (1995).

6

5 at 2.)

Petitioner, however, does indirectly invoke the equitable "fundamental miscarriage of justice" exception to the AEDPA statute of limitations. He argues that his time-barred claims may proceed if "the statute under which he stands convicted is 'debatable,'" citing Pena-Rodriguez v. Colorado, __ U.S. __, 137 S. Ct. 855 (2017). (Dkt. 1 at 1.) Pena-Rodriguez held that where a juror makes a clear statement indicating that he or she relied on racial stereotypes or animus to convict a criminal defendant, the Sixth Amendment requires that the no-impeachment rule[5] give way to permit the trial court to consider the juror's statement and any resulting denial of the jury trial guarantee. Id. at 869. In reaching this holding, the United States Supreme Court reasoned that courts have a "duty to confront racial animus in the justice system," and that a "constitutional rule that racial bias in the justice system must be addressed — including, in some instances, after the verdict has been entered — is necessary to prevent a systemic loss of confidence in jury verdicts …." Id. at 867, 869.

Most of Petitioner's response to the OSC argues that sentencing under California's Three Strikes law disproportionately disfavors African-Americans. (See Dkt. 5.) Considering these arguments with Petitioner's citation to Pena-Rodriguez, Petitioner appears to be arguing that if a habeas petitioner claims that his conviction or sentence is unconstitutional because of racial discrimination, then he has alleged a fundamental miscarriage of justice, and the federal courts are duty-bound to disregard mere procedural rules, like AEDPA's statute of limitations, and reach the merits of the claim.

While Pena-Rodriguez affirms the "imperative to purge racial prejudice from

---

[5] "A general rule has evolved to give substantial protection to verdict finality and to assure jurors that, once their verdict has been entered, it will not later be called into question based on the comments or conclusions they expressed during deliberations. This principle, itself centuries old, is often referred to as the no-impeachment rule." Pena-Rodriguez, 137 S. Ct. at 861.

the administration of justice," that decision does not mean that every habeas petitioner alleging racial discrimination alleges a fundamental miscarriage of justice akin to the incarceration of innocent persons. The "actual innocence exception" is based on Schlup, a United States Supreme Court case decided before Congress enacted AEDPA. There is no pre-ADEPA case recognizing an equitable exception for race-based habeas claims.

While federal habeas claims generally implicate important constitutional principles, federal courts nonetheless apply AEDPA's statute of limitations absent new evidence showing "it is more likely than not that no reasonable juror would have convicted" the petitioner. Schlup, 513 U.S. at 329; see also Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("AEDPA's one-year statute of limitations … does not render federal habeas an inadequate or ineffective remedy.") Courts often dismissed habeas claims alleging racial discrimination as time-barred. See, e.g., Calderon-Silva v. Salazar, No. 07-2420, 2008 U.S. Dist. LEXIS 78831, at *1 (E.D. Cal. Oct. 6, 2008) (holding racial discrimination claim time-barred by AEDPA); Perridon v. Roe, No. 00-1123, 2007 U.S. Dist. LEXIS 78116, at *10 (E.D. Cal. Oct. 22, 2007), adopted by Perridon v. Roe, 2007 U.S. Dist. LEXIS 91588 (E.D. Cal., Dec. 13, 2007) (dismissing Batson claim of racial bias in jury selection as time-barred).

Ultimately, federal courts do not have inherent power to issue the writ of habeas corpus. Ex parte Bollman, 8 U.S. 75, 94 (1807) ("[T]he power to award the writ by any of the courts of the United States, must be given by written law."). Congress enacted AEDPA's one-year limitations period in part "to accelerate the federal habeas process." Nino v. Galaza, 183 F.3d 1003, 1004-05 (9th Cir. 1999). It is not the role of district courts to create new equitable exceptions to AEDPA.

**C.     Petitioner Is Not Entitled to Sufficient Statutory Tolling.**

AEDPA provides for statutory tolling, as follows:

The time during which a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The United States Supreme Court has interpreted this language to mean that the AEDPA's statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains pending during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court); Nino, 183 F.3d at 1006 (holding that the statute is tolled from "the time the first state habeas was filed until the California Supreme Court rejects the petitioner's final collateral challenge."). Statutory tolling "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson, 321 F.3d at 823; Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001), cert. denied, 534 U.S. 1143 (2002).

Petitioner filed two rounds of state habeas petitions before his AEDPA statute of limitations expired. Even assuming that those petitions were properly filed and therefore qualified for statutory tolling, the latest AEDPA deadline he could receive would be February 20, 2014, one year after his second California Supreme Court petition (Case No. S208055) was denied. Petitioner is not entitled to statutory tolling for the pendency of the state petitions filed in 2016 and 2017, because they were not initiated during the AEDPA limitations period. See Ferguson, 321 F.3d at 823. As explained below, Petitioner is not entitled to equitable tolling, and therefore his July 2017 federal habeas petition is still untimely, even with statutory tolling.

**D. Petitioner is Not Entitled to Equitable Tolling.**

In <u>Holland v. Florida</u>, 560 U.S. at 649, the Supreme Court held that AEDPA's one-year limitation period also is subject to equitable tolling in appropriate cases. However, to receive equitable tolling, the petitioner must show both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented his timely filing. <u>See</u> <u>id.</u> (quoting <u>Pace</u>, 544 U.S. at 418).

The Ninth Circuit has held that the <u>Pace</u> standard is consistent with the "sparing application of the doctrine of equitable tolling." <u>Waldron-Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 244 (2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" <u>Porter v. Ollison</u>, 620 F.3d 952, 959 (9th Cir. 2010) (quoting <u>Ramirez v. Yates</u>, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir.), <u>cert. denied</u>, 537 U.S. 1003 (2002). Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003); <u>Waldron-Ramsey</u>, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'").

In his response to the OSC, Petitioner asserts that he is entitled to equitable tolling because (1) he is proceeding pro se, and (2) his claims are novel. (Dkt. 1 at 1, citing <u>Brown v. Roe</u>, 279 F.3d 742 (9th Cir. 2002) (district court abused its discretion by not considering equitable tolling argument raised for first time in objections to report and recommendation, where pro se prisoner was illiterate and

raised novel claim under new statute).)

Pro se status is not an "extraordinary circumstance" justifying equitable tolling. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006) ("It is clear that pro se status, on its own, is not enough to warrant equitable tolling.").

Regarding novelty, Petitioner's first claim is based on Miller v. Alabama, 567 U.S. 460 (2012), a decision announced on June 25, 2012. Petitioner does not explain why he did not bring his Miller claim until his 2016 state habeas petitions. More fundamentally, Miller held that "children are constitutionally different from adults for purposes of sentencing," such that mandatory life-without-parole sentences for minors violate the Eight Amendment. Id. at 471. Petitioner was not a minor when he committed the 2008 Starbucks robberies. See Rogers, 2012 WL 3765145, at *3 (identifying Petitioner as a juvenile in 1987, but discussing subsequent adult convictions in 1990-1996). Petitioner's claim that Miller rendered *adult* mandatory minimum sentences unconstitutional is not a "novel" reading of Miller – it is a wrong reading of Miller. (Dkt. 1 at 5.)

Petitioner's second and third claims challenge the constitutionality of California's Three Strikes sentencing law. These are not novel claims. See Ewing v. California, 538 U.S. 11, 30 (2003) (holding California's Three Strikes law does not violate the Eighth Amendment); Moore v. Horel, No. 02-0007, 2010 U.S. Dist. LEXIS 63020, at *122 (E.D. Cal. June 23, 2010) (rejecting claim that California's Three Strikes law "is being administered in an unconstitutional manner because the conviction rate for African-Americans is much higher than for other races"); People v. Kilborn, 41 Cal. App. 4th 1325, 1328 (1996) (holding California's Three Strikes law is not so arbitrary as to violate substantive due process rights).

///
///
///
///

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's petition for writ of habeas corpus be dismissed with prejudice as time-barred.

DATED: September 25, 2017

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

*[signature: Karen E. Scott]*
_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE